ANNA E. SMITH, plaintiff in error, *vs.* CHARLES H. SMITH, administrator of WILLIAM R. SMITH, deceased, defendant in error.

The approval by the Ordinary of the election of a widow to take an amount of money, to be assigned to her absolutely in lieu of her dower, should be obtained before commissioners are appointed to assign dower.

Petition for Money in lieu of Dower. Tried before Judge MILNER. Floyd Superior Court. July Term, 1867.

At July Term, 1866, of said Court, Anna E. Smith filed her petition, showing that she was entitled to dower out of the lands of deceased, that he died seized of certain thirteen country lots in said county, containing about two thousand acres, and two lots in Rome, Georgia, and praying that commissioners be appointed to assign her dower or a sum of money out of the estate of deceased absolutely, in lieu of dower.

The Court appointed such commissioners. They made their return, assigning her dower in the lands by metes and bounds, or, if she preferred it, $12,000.00, to be paid her by the administrator.

Black, Cobb & Co., endorsers for and creditors of deceased, objected to the assignment of $12,000.00, because it was too much. Nathaniel N. Smith, a mortgage creditor of deceased, also objected thereto for the same reason, and because it was

made before the sale of the lands and without reference to the market value thereof, and because it was made before petitioner had elected to take money in lieu of dower, and before the Ordinary had approved such election.

At January Term, 1867, of Floyd Superior Court, the parties were at issue as to the first objection taken by each, and the other objections taken by Nathan M. Smith were demurred to.

Thereafter, to-wit, in April, 1867, Mrs. Smith petitioned the Ordinary of Floyd county for his consent and approval of her election of money, instead of lands, as dower.

The Ordinary, having notice of the objections of creditors to said assignment, ordered, at May Term of his Court, in 1867, that all persons interested in the matter should show cause, before him, on the 8th of July, 1867, why he should not give such assent and approval.

On said last named day this action was had in the Court of Ordinary:

"COURT OF ORDINARY, July Term, 1867.

"On hearing this application, and both parties agreeing thereto, it is ordered, that the election of a sum of money in lieu of dower, to belong absolutely to the widow, to be determined by commissioners according to law, be approved, without approving of the sum already assessed.

JESSE LAMBETH, Ordinary."

All this appearing to Judge MILNER, at July Term, 1867, of said Superior Court, and upon motion therefor made and argument had, he set aside the assessment of the $12,000.00, because of the want of such antecedent approval of the same as required by law.

This is said to be erroneous.

WRIGHT & BROYLES, for plaintiff in error.

B. H. HILL, for defendant in error.

WALKER, J.

Under the facts of this case, the Court very properly held that an assessment should be made after the approval by the Ordinary of the election by the widow to take money in lieu of dower. A sum of money had been set apart for her by commissioners, and the creditors of the deceased were resisting a judgment of the Court awarding it to her. Pending this issue, both parties appeared before the Ordinary, and by agreement it was "ordered that the election of a sum of money in lieu of dower, to belong absolutely to the widow, *to be determined* by commissioners according to law, be approved, without approving of the sum already assessed." The proper construction of this order, passed by "both parties agreeing thereto," is that an assessment should thereafter be made by commissioners appointed for the purpose. The Ordinary expressly declined to approve the assessment already made, and it is unreasonable to suppose that the creditors intended to abandon their objections to the amount awarded by the commissioners, for that was the whole controversy. The order of the Superior Court setting aside the award of the commissioners was right. Of course, under the proceedings already instituted, new commissioners may be appointed, and the amount of money to belong to the widow ascertained.

The rule adopted in this case is better, and in accordance with the provisions of the Code. Sec. 1761 of the Revised Code provides for the election in lieu of dower of an amount of money to belong absolutely to the widow, with the assent of the administrator and the approval of the Ordinary. This would seem to require, as a condition precedent to her right to a sum of money to belong absolutely to her in lieu of dower, the approval of the Ordinary; and we think as a general rule such approval should be obtained before commissioners are appointed. If the widow elect to take dower, she can have that assigned to her; if she elect a life-estate in one-third part of the proceeds of the sales of the land in lieu of dower, with the assent of the executor or administrator of

the estate, she can have that—Rev. Code, Sec. 1760; and with the assent of the executor or administrator, and the approval of the Ordinary, an amount of money may be awarded to belong to her absolutely, in lieu of her dower. But in either event she should elect which she will take, and then the proceedings should be taken to carry out her wishes, if it can be done, according to law. Many reasons might be given why the rights of all parties are more likely to be secured by this course than by the appointment of commissioners in advance of her election of which she will take; but the expressed will of the Legislature is a sufficient reason, without more.

Judgment affirmed.